UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES, *ex rel.* HILLARY NAMMACK<br>    *Plaintiff*,<br>v.<br>445 W. PUTNAM, LLC; JTM REALTY, LLC; and JEFFREY T. MILLER,<br>    *Defendants*. | Civil No. 3:19cv1767 (JBA)<br><br>January 7, 2020 |

**RULING GRANTING PLAINTIFF'S MOTION TO REMAND**

Plaintiff Commission on Human Rights and Opportunities ("CHRO") moves to remand this action to the Connecticut Superior Court, Judicial District of Stamford/Norwalk, at the Norwalk Housing Session. (Mot. to Remand [Doc. # 14] at 1.) Defendants oppose, arguing that this action was properly removed to this Court. (Defs.' Opp. [Doc. # 16].) For the reasons that follow, Plaintiff's Motion to Remand is granted.

**I. Background**

Hillary Nammack filed complaints of housing discrimination with the CHRO against Defendants 445 W. Putnam, LLC, JTM Realty, LLC, and Jeffrey T. Miller. (Mem. Supp. Mot. to Remand [Doc. # 14-1] at 1.) The CHRO investigated Ms. Nammack's complaint and "found reasonable cause to believe that a discriminatory housing practice had occurred." (*Id.*) Defendants elected to proceed via civil action instead of via administrative proceedings. (*Id.*)

The CHRO filed this action against Defendants in the Connecticut Superior Court for the Judicial District of Stamford/Norwalk. (*Id*; Not. of Removal [Doc. 1] ¶ 1.) The Complaint asserted only violations of Conn. Gen. Stat. § 46a-64c and did not bring any claims arising under federal law. (Mem. Supp. Mot. to Remand at 1; Ex. A (Complaint) to Not. of Removal [Doc. # 1] at 3-9.)

Defendants then removed the case to this Court. (Not. of Removal.) Defendants argued that removal was proper under 28 U.S.C. §§ 1331, 1441, and 1446 because "courts must interpret Connecticut's fair housing laws by reference to the Federal Fair Housing Act" and because the "CHRO's Final Investigative Report indicated that the CHRO was pursuing the claims against the Defendants . . . PURSUANT TO TITLE VIII OF THE CIVIL RIGHTS[ ]ACT OF 1968 AS AMENDED BY THE FAIR HOUSING AMENDMENTS ACT OF 1988." (*Id.* ¶ 7 (caps in original)). The Notice of Removal explained that although the Complaint actually filed by the CHRO did not "mention the Fair Housing Act[,] . . . the claims asserted in the Complaint necessarily raise a significant federal issue, actually disputed and substantial, such that the case warrants federal question jurisdiction." (*Id.*)

The CHRO now moves to remand this action to the Connecticut Superior Court.

**II. Discussion**

Under 28 U.S.C. § 1441(a), a defendant "in a state-court action over which the federal courts would have original jurisdiction" may "remove that action to federal court." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). "[W]hen determining whether [the federal court] has original jurisdiction over a civil action," courts "should evaluate whether that action could have been brought originally in federal court." *Id.* at 1748. "This requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id.* Defendants claim only federal question jurisdiction (and make no argument regarding diversity jurisdiction), and thus the only relevant question is whether this Court could properly have exercised federal question jurisdiction over this action if it had been brought originally in federal court. Defendants bear the burden of demonstrating that removal was proper.

2

*United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 20 F.3d 298, 301 (2d Cir. 1994) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper.").

Defendants concede that the Complaint does not mention or explicitly state any claims arising under federal law. (*See* Defs.' Opp. to Mot. to Remand [Doc. # 16] at 2.) But "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grabel & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). State law claims implicate a significant federal issue such that federal question jurisdiction over those claims is proper if the "federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Thus in order for this Court to exercise jurisdiction over the Complaint, the state law claims it brings must "necessarily raise[]" a federal issue. Defendants argue that the CHRO's state law claims raise a federal issue because the allegations based on Connecticut's Fair Housing Act "necessarily invoke[] and rel[y] on Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988." (Defs.' Opp. at 3.) Defendants argue that this is so because (i) the "landscape of Connecticut's fair housing laws demands reference to federal fair housing laws" and (ii) "other documents filed in the administrative proceeding and referenced in the State Court Complaint do" mention and cite federal law. (*Id.* at 5.)

First, in support of their argument the state laws under which the CHRO brings its claims "demand[] reference to federal" laws, Defendants contend that "when it comes to Connecticut's fair housing law, [Connecticut courts] *must follow* federal courts' interpretations of the analogous

3

federal fair housing laws." (*Id.* at 6 (emphasis added).) Defendants cite several Connecticut cases which, they argue, stand for the proposition that Connecticut fair housing claims are necessarily determined by the substance of federal fair housing law, but none of those cases support the Defendants' position.

In *Comm'n on Human Rights & Opportunities v. Savin Rock Condominium Assoc., Inc.*, the Connecticut Supreme Court acknowledged that "when the overlap between state and federal law is deliberate, as in this case, federal decisions are particularly persuasive." 273 Conn. 373, 386 (2005). Defendants suggest that this reliance on federal law demonstrates that Connecticut state courts "must follow federal courts' interpretations of the analogous federal fair housing laws." (Defs.' Opp. at 6.) But that interpretation of *Savin Rock* is plainly inconsistent with the Connecticut Supreme Court's clear pronouncement—in that same case—that although it found the reasoning of federal courts "persuasive," it is "*not bound* to follow the federal courts' construction of the federal counterpart to our [fair housing] statute." *Id.* at 389 (emphasis added).

Defendants also cite *Comm'n on Human Rights & Opportunities v. Brookstone Court, LLC*, 2006 WL 932538 (Conn. Super. Ct. Mar. 23, 2006), in support of their assertion that "Connecticut courts interpreting the [Connecticut Fair Housing Act] are 'obligated' to follow federal court interpretations of the [Federal Fair Housing Act], even when the language of the Connecticut statute might lend itself to a different, but equally legitimate interpretation." (Defs.' Opp. at 8). In that case, a Connecticut Superior Court, considering a complaint which brought both state and federal fair housing claims, recognized that state courts are "obligated to follow federal court[s'] interpretation of federal statutes." *Brookstone Court*, 2006 WL 932538, at *2. But contrary to Defendants' suggestion, this case recognizes only the well-established principles that federal courts' interpretation of *federal* laws are binding on state courts applying those *federal* laws, and that

4

federal interpretation of federal statutes may provide some guidance to state courts interpreting similar state laws. Contrary to Defendants' argument, that case does not suggest that federal courts' interpretation of *federal* laws are binding on state courts applying analogous *state* laws.

Defendants have demonstrated that in interpreting Connecticut fair housing laws, Connecticut state courts are sometimes guided by federal courts' interpretations of analogous federal laws. *See Zlokower v. Comm'n on Human Rights & Opportunities*, 200 Conn. 261, 264-65 (1986) ("In In addressing claims brought under [Conn. Gen. Stat. § 46a-64], we are properly guided by the case law surrounding the federal fair housing laws, 42 U.S.C. §§ 3601 through 3631, even though there may be differences between the state and federal statutes. This approach is consistent with our practice of looking to federal employment discrimination law for guidance in enforcing our own antidiscrimination statute."). But Defendants have not demonstrated that Connecticut courts are bound or obligated in any way to follow *federal* interpretations of *state* fair housing laws such that consideration of purely state law claims would "necessarily raise" a federal issue.

Second, in support of their argument that a federal issue is necessarily raised because "other documents filed in the administrative proceeding and referenced in the State Court Complaint" mention federal laws, Defendants assert that "the Court may look beyond the four corners of the complaint to consider those documents and the statements therein." (Defs.' Opp. at 5.) But "[u]nder the well-pleaded complaint rule, the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998). Defendants do not explain why evidence that a federal claim was available to or considered by the CHRO demonstrates that the Complaint's state law claims necessarily raise a federal issue, and they have failed to meet their burden on this issue.

5

Defendants have not demonstrated that the Complaint, which brings only state law claims, necessarily raises any federal issue such that federal question jurisdiction over this action would be proper.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand [Doc. # 14] is GRANTED. The Clerk is directed to remand this action to the Connecticut Superior Court for the Judicial District of Stamford/Norwalk.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of January 2020.